# UNPUBLISHED

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

## No. 19-7742

ARTHUR LEE WARREN,

        Plaintiff - Appellant,

    v.

PFC SAUER HOUSTON, L509; PFC NAIM VAUGHN, L507,

        Defendants - Appellees.

Appeal from the United States District Court for the District of South Carolina, at Florence. David C. Norton, District Judge.  (4:19-cv-02722-DCN)

Submitted:  February 25, 2020                Decided:  March 5, 2020

Before NIEMEYER, WYNN, and QUATTLEBAUM, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Arthur Lee Warren, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Arthur Lee Warren appeals the district court's order adopting the magistrate judge's report and sua sponte dismissing his complaint on initial review pursuant to 28 U.S.C. § 1915A (2018). We vacate the district court's order and remand for further proceedings.

"We review de novo a § 1915A dismissal for failure to state a claim." *Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015). "Dismissal is proper only if the plaintiff has failed to present factual allegations that state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

"When a plaintiff alleges excessive force during an investigation or arrest," we analyze whether the use of force violated the Fourth Amendment right against unreasonable seizures. *Tolan v. Cotton*, 572 U.S. 650, 656 (2014). "The officer's actions do not amount to excessive force if they are objectively reasonable in light of the facts and circumstances confronting him, without regard to his underlying intent or motivation." *Smith v. Ray*, 781 F.3d 95, 101 (4th Cir. 2015) (brackets and internal quotation marks omitted). "In considering the reasonableness of an officer's actions, we must consider the facts at the moment that the challenged force was employed." *Id.*

Evaluating the reasonableness of the officer's actions "requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake." *Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation marks omitted). Courts "also must give 'careful attention to the facts and circumstances of each particular case, including' three factors in particular: 'the severity of the crime at issue, whether the suspect poses an immediate

2

threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Ray*, 781 F.3d at 101 (quoting *Graham*, 490 U.S. at 396). "Ultimately, the question to be decided is whether the totality of the circumstances justifies a particular sort of seizure." *Id.* (alterations and internal quotation marks omitted).

We conclude that Warren has pled a plausible claim of excessive force. At the time the officers employed force, they only suspected Warren of driving on a suspended license, which is a nonviolent, misdemeanor offense. *See* S.C. Gen. Stat. 56-1-440 (2016); *Ray*, 781 F.3d at 102 (noting nonviolent misdemeanor offense alone does not give officers reasonable belief that suspect is dangerous). Admittedly, Warren concedes that he fled from the officers and resisted them placing handcuffs on him. However, Warren's allegations that Defendant Naim Vaughn hit and kicked him while Defendant Houston Sauer held him down plausibly alleges force in excess of that necessary to place him under arrest. *See, e.g.*, *Clay v. Emmi*, 797 F.3d 364, 370-71 (6th Cir. 2015); *Sallenger v. Oakes*, 473 F.3d 731, 741 (7th Cir. 2007); *Young v. Prince George's Cty.*, 355 F.3d 751, 756-58 (4th Cir. 2004).

The magistrate judge also concluded that Warren's complaint was barred by *Younger*[*] abstention because Warren sought to enjoin his pending state criminal proceedings. However, we agree with Warren that his complaint did not seek such relief. Accordingly, *Younger* does not bar Warren's claim.

---

[*] *Younger v. Harris*, 401 U.S. 37 (1971).

3

Therefore, we vacate the district court's order and remand for further proceedings. We deny Warren's motion to appoint counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*